UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
URBANA DIVISION

| | |
|---|---|
| PAMELA McTAGGART, ) | |
| ) | |
| Plaintiff, ) | Case No. 2:07-cv-02159-HAB-DGB |
| ) | |
| v. ) | Judge Harold A. Baker |
| ) | |
| IROQUOIS MEMORIAL HOSPITAL, ) | Magistrate Judge David G. Bernthal |
| ) | |
| Defendant. ) | |

## ANSWER TO COMPLAINT

NOW COMES IROQUOIS MEMORIAL HOSPITAL, by and through its attorneys, Seyfarth Shaw LLP, and pursuant to Rules 8 and 12 of the Federal Rules of Civil Procedure, and for its answer to complaint states as follows:

### PARTIES[1]

**COMPLAINT ¶ 1:**

At all times material, Plaintiff, PAMELA MCTAGGART, was a citizen and resident of the United States, residing at 211 E. Lincoln St., Watseka, Iroquois County, Illinois.

**ANSWER:**

Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 1 of the complaint.

---

[1] The headings contained in this answer correspond to the headings in the complaint. The headings are not allegations and, therefore, no response is needed; they are merely included in defendant's answer for convenience.

**COMPLAINT ¶ 2:**

At all times material, Defendant, IROQUOIS MEMORIAL HOSPITAL, was a corporation doing business in Iroquois County, Illinois.

**ANSWER:**

Defendant admits the allegations contained in paragraph 2 of the complaint.

**COMPLAINT ¶ 3:**

At all times material, Defendant, IROQUOIS MEMORIAL HOSPITAL, was an employer within the meaning of 42 U.S.C.A. §2000e, and was engaged in an industry effecting [sic] commerce, and on information and belief, employed more than 15 employees for each working day in each of 20 or more calendar weeks in the then current or preceding calendar year.

**ANSWER:**

Defendant admits the allegations contained in paragraph 3 of the complaint.

## JURISDICTION AND VENUE

**COMPLAINT ¶ 4:**

This action arises under Title VII of the Civil Rights Act of 1984, as amended, 42 U.S.C.A. §2000e et.seq. and the Civil Rights Act of 1991, 42 U.S.C.A. §1981(a).

**ANSWER:**

Defendant admits that plaintiff purports to bring an action under Title VII of the Civil Rights Act of 1984, as amended, 42 U.S.C. § 2000e *et seq.* and the Civil Rights Act of 1991, 42 U.S.C. § 1981(a). Defendant denies that plaintiff is entitled to any relief and denies any other allegation contained in paragraph 4 of the complaint.

**COMPLAINT ¶ 5:**

Jurisdiction in [sic] invoked pursuant to 42 U.S.C.A. §2000e-5(f), 28 U.S.C.A. §1343(3), and §1343(4), and pursuant to 28 U.S.C.A. §1367.

**ANSWER:**

Defendant admits that the Court has jurisdiction over the subject matter of plaintiff's claim. Defendant denies all remaining allegations contained in paragraph 5 of the complaint.

**COMPLAINT ¶ 6:**

Costs and attorneys fees may be awarded pursuant to 42 U.S.C.A. §2000e-5(k).

**ANSWER:**

Defendant admits that plaintiff purports to seek costs and attorneys' fees under 42 U.S.C. § 2000e-5(k). Defendant denies that plaintiff is entitled to such costs and attorneys fees.

**COMPLAINT ¶ 7:**

Venue properly lies in the Central District of Illinois, pursuant to 28 U.S.C.A. §1391(b), and 42 U.S.C.A. §2000e-5(f)(3) because the practice of unlawful employment was committed in this judicial district.

**ANSWER:**

Defendant admits that venue is proper in the Central District of Illinois under 28 U.S.C. § 1391(b) and 42 U.S.C. § 2000e-5(f)(3). Defendant denies the remaining allegations contained in paragraph 7 of the complaint.

**CONDITIONS PRECEDENT**

**COMPLAINT ¶ 8:**

Plaintiff has fulfilled all conditions precedent to the institution of this action under 42 U.S.C.A. §2000e. A Notice of Right To Sue was issued by the Equal Employment Opportunity Commission (EEOC) on June 5, 2007, a true and correct copy of which is attached to the Complaint as Exhibit A.

**ANSWER:**

Defendant admits that the EEOC issued plaintiff a Notice of Right to Sue on June 5, 2007, a true and correct copy of which is attached to the complaint as Exhibit A. Defendant denies the remaining allegations contained in paragraph 8 of the complaint.

## FACTUAL BACKGROUND

**COMPLAINT ¶ 9:**

In June of 1992, plaintiff was hired by defendant as a medical imaging technician to work in defendant's place of business, located at 200 Fairman St., Watseka, Illinois. On March 18, 2002, plaintiff was promoted by defendant to Director of Medical Imaging at defendant's facility, and served in that position until February 17, 2006. From her date of hire until February 17, plaintiff received satisfactory feedback from defendant about her work performance.

**ANSWER:**

Defendant admits that it hired plaintiff as a radiologic technologist on or about June 22, 1992 at its hospital located at 200 Fairman Avenue in Watseka, Illinois. Defendant further admits that on or about March 18, 2002, it promoted plaintiff to Director of Medical Imaging at that same facility and that plaintiff worked in that position until about February 10, 2006. Defendant denies the remaining allegations contained in paragraph 9 of the complaint.

**COMPLAINT ¶ 10:**

On or about February 8, 2006, defendant, through its Chief Executive Officer and Human Resources Department told all directors at Iroquois Memorial Hospital that there was to be a restructure of the organization of department and department heads, with some departments being combined. All directors received a letter stating that they must resign by February 10, 2006, and reapply for the new positions by Monday, February 13th. The directors, including the plaintiff, were told that if they did not resign, they could not reapply for their position. They were further told that if they did not resign and reapply, their employment would be ended as of March 17th, 2006.

**ANSWER:**

Defendant admits the allegations contained in paragraph 10 of the complaint.

**COMPLAINT ¶ 11:**

Plaintiff, after being instructed by the Chief Executive Office [sic] of Iroquois Memorial Hospital, the Chief of Staff of Iroquois Memorial Hospital, and the Vice-President of Iroquois Memorial Hospital, tendered her resignation as Director of Medical Imaging, and reapplied for said position, which events took place on or about February 13th, 2006.

**ANSWER:**

Defendant admits that plaintiff tendered her resignation as Director of Medical Imaging on or about February 10, 2006, and reapplied for the position of Director of Lab, Cardiac Rehab, Specialty Clinic, and Medical Imaging on or about that same date. Defendant denies the remaining allegations contained in paragraph 11 of the complaint.

**COMPLAINT ¶ 12:**

On or about February 17th, 2006, the defendant promoted Tim Smith, who was an imaging technician and a subordinate of the plaintiff while she filled the position of Director of Medical Imaging. Smith was substantially less qualified, both in education and experience, than the plaintiff. Plaintiff has a bachelor's degree in management, has 16 years of employment with defendant, is trained in ultrasound technology, is registered in mammography, and registered in all aspects of ultrasounds. Smith did not have a college degree or any management experience. He was substantially less qualified than the plaintiff.

**ANSWER:**

Defendant admits that on or about February 20, 2006, it placed Tim Smith, who previously was a medical imaging technologist, in the position of Director of Lab, Cardiac Rehab, Specialty Clinic, and Medical Imaging. Defendant further admits that plaintiff has a bachelor degree of applied science, had almost 14 years of employment with defendant, is trained in ultrasound technology, and is registered in mammography

and ultrasound. Defendant denies the remaining allegations contained in paragraph 12 of the complaint.

**COMPLAINT ¶ 13:**

After plaintiff's service and qualifications were persistently ignored in favor of less able and qualified male employees, and after defendant informed employee that she would not be considered for the position she was amply qualified for in favor of a less qualified man, plaintiff found her position completely untenable and resigned on March 6, 2006 from the medical imaging technologist position.

**ANSWER:**

Defendant admits that plaintiff resigned on or about March 6, 2006. Defendant denies the remaining allegations contained in paragraph 13 of the complaint.

## CAUSE OF ACTION

### Violation of Civil Rights Act of 1964, Gender Discrimination

**COMPLAINT ¶ 14:**

Plaintiff repeats and realleges paragraphs 1 through 13 here as if fully stated.

**ANSWER:**

Defendant repeats its answers to paragraphs 1 through 13 of the complaint as if fully stated herein.

**COMPLAINT ¶ 15:**

Plaintiff has been terminated and subjected to disparate treatment because of her gender in violations of Title VII of the Civil Rights Act of 1964, and because of such actions by defendant she has suffered both irreparable injury and compensable damage unless and until this court grants relief.

**ANSWER:**

Defendant denies the allegations contained in paragraph 15 of the complaint.

**COMPLAINT ¶ 16:**

As a direct and proximate result of the actions of defendant set forth above, plaintiff has suffered, is now suffering, and will continue to suffer, emotional pain and mental anguish. As a direct and proximate result of such actions, plaintiff has been, is being, and will be in the future, deprived of income in the form of wages and of prospective benefits due to the plaintiff solely because of defendant's conduct.

**ANSWER:**

Defendant denies the allegations contained in paragraph 16 of the complaint.

## ADDITIONAL DEFENSES

1. Plaintiff's damages must be reduced to the extent she has not used and does not use reasonable efforts to mitigate her damages.

2. Certain claims asserted by plaintiff may be barred due to the applicable statute of limitations.

3. Plaintiff's claims, in whole or in part, may be barred by any failure to exhaust her federal, state, or local administrative remedies.

4. Plaintiff's claims, in whole or in part, may be barred to the extent that they are beyond the scope of her charge of discrimination.

5. Defendant is not responsible for its employees' actions outside the course and/or scope of the duties to which defendant assigned those employees, including any intentional discriminatory acts.

6. Plaintiff's complaint fails to set forth facts sufficient to support a claim for punitive damages.

7. Plaintiff is not entitled to recover punitive damages because defendant cannot be vicariously liable for discriminatory employment decisions of managerial

agents, as those decisions, if any, were contrary to defendant's good faith efforts to comply with applicable federal, state, and local laws and regulations prohibiting employment discrimination.

8. Plaintiff's request for punitive damages is barred because defendant engaged in good faith efforts to comply with Title VII and had reasonable grounds to believe that any act or omission taken was not a violation of Title VII.

9. Defendant reserves the right to plead additional defenses as they become known or available during the pendency of this action.

WHEREFORE defendant Iroquois Memorial Hospital denies that plaintiff is entitled to any relief whatsoever and prays that judgment be entered in its favor on plaintiff's complaint, that the complaint be dismissed with prejudice, and that defendant be awarded its costs and such other relief as this Court deems equitable and just.

Respectfully submitted,

IROQUOIS MEMORIAL HOSPITAL


By: _____s/ Molly Eastman_____
One of Its Attorneys

Ian Morrison (lead counsel)
Molly Eastman
SEYFARTH SHAW LLP
131 South Dearborn Street, Suite 2400
Chicago, Illinois  60603-5577
(312) 460-5000

Dated:  November 19, 2007

## CERTIFICATE OF SERVICE

I hereby certify that on November 19, 2007, I electronically filed the foregoing **ANSWER TO COMPLAINT** with the Clerk of the Court using the ECF system which will send e-mail notification of such filing to the following:

> Ronald E. Boyer
> RONALD E. BOYER, P.C.
> 600 East Walnut Street
> Post Office Box 116
> Watseka, Illinois  60970

                                                  _____s/ Molly Eastman_____
                                                  Molly Eastman

CH1 11315123.2