E-FILED
Monday, 11 August, 2008   11:21:44 AM
Clerk, U.S. District Court, ILCD

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
URBANA DIVISION

| | |
|---|---|
| PAMELA McTAGGART, ) <br> ) <br> Plaintiff, ) <br> ) <br> ) <br> v. ) <br> ) <br> ) <br> IROQUOIS MEMORIAL HOSPITAL, ) <br> ) <br> Defendant. | Case No. 2:07-02159-HAB-DGB <br><br> Judge Harold A. Baker |

## AGREED PROTECTIVE ORDER

Accordingly, for good cause shown, it is this __ day of August, 2008, by the United States District Court for the Central District of Illinois, ORDERED:

### Definitions

1. All words or phrases have their ordinary dictionary definition unless defined below.

2. "Party" or "Parties" means any party to this action, together with any parent, subsidiary, or affiliate corporation of the named parties, their successors-in-interest and predecessors-in-interest, and their employees, agents, and representatives.

3. "Counsel" means any counsel of record, co-counsel, or local counsel of a Party and their paralegal, secretarial, and support personnel and other assistants and contract staff and agents to whom it is reasonably necessary to disclose the tangible and intangible materials and other information described below for purposes of this lawsuit.

4. "Independent Expert" and "Independent Consultant" means a person who is not a regular employee, officer, director, or owner in any capacity of a Party, but who is retained by a Party or Counsel for the purpose of assisting in this litigation.

5. "Confidential Information" means information in written, oral, electronic or other form, whether it be a document, information contained in or derived from a document, information revealed during a deposition, or information revealed in responding to a discovery request, that:

    a. a Party believes, in good faith, reveals (i) proprietary or trade secret information otherwise unavailable to the public and not previously publicly disclosed, the disclosure of which would cause the producing Party competitive or financial harm, violates confidentiality agreements with third parties, or reveals information about employees otherwise unavailable to the public including social security numbers, tax filings, and employment information (including, but not limited to, hire date, termination date, retirement date, evaluations, *etc.*); or (ii) individually identifiable health information (*i.e.*, "protected health information"), as such terms are defined in the regulations issued by the United States Department of Health and Human Services pursuant to the Health Insurance Portability and Accountability Act of 1996, 42 U.S.C. § 1301 et seq.

    b. a Party designates as "Confidential" in accordance with this Order, or subsequently designates as "Confidential" as provided in this Order.

### **Designation of Protected Information**

6.  *Designation of Materials as Confidential.* All documents produced in the course of discovery, all answers to interrogatories, all answers to requests for admission, all responses to requests for production of documents, all videotapes and/or graphic images and other information obtained in response to requests for inspection or other discovery requests, and all deposition testimony and all materials used or referenced in depositions, whether or not marked as exhibits, shall be subject to this Order concerning Confidential Information, as set forth below:

   a. *Paper Documents.* The designation of Confidential Information shall be made by placing or affixing on the document, in a manner that will not interfere with its legibility, the word "Confidential." The designation of Confidential Information shall be made prior to or contemporaneously with the production or disclosure of that information except for documents produced for inspection at the Party's or their attorneys' facilities for review. In the event that documents are produced for inspection at the Parties' or their attorneys' facilities, such documents may be produced for inspection before being marked Confidential. The producing Party may subsequently mark "Confidential" any documents containing Confidential Information after delivery to the Party who inspected and selected the documents. There will be no waiver of confidentiality by the inspection of documents containing Confidential Information before they are copied and marked Confidential pursuant to this procedure.

b. *Electronic Documents.* The Parties represent and agree that, if printed, the electronic documents subject to discovery would comprise thousands of pages, and thus printing, reviewing and marking the information would be extremely time-consuming and cost-prohibitive. The Parties agree that the information contained in the electronic documents which falls within the definition of "Confidential Information" as defined in paragraph 5(a) above shall be treated as Confidential Information subject to the provisions of this Order and there will be no waiver of confidentiality by the production of electronic documents containing Confidential Information before they are designated Confidential pursuant to this Order. Prior to the disclosure of such electronic documents as if they were non-confidential, the party seeking such disclosure shall first provide reasonable advance notice to the other to give the other party the opportunity to declare whether they are in fact confidential.

c. Portions of deposition testimony containing Confidential Information as defined in paragraph 5 above shall be treated as Confidential Information subject to the provisions of this Order. Such testimony may be specifically designated as Confidential at or after the time of the deposition.

7. *Designation not Determinative.* The fact that information or material has been designated as Confidential is not determinative of whether such information is, in fact, entitled to be deemed as such.

8. *Modification of Designation.* The designation of Confidential by the producing Party may be modified or eliminated by the producing Party at any time.

9. *Subsequent Designation.* Documents and information produced in the litigation that are not identified as "Confidential" when they were initially produced may within a reasonable time thereafter be designated as "Confidential" by the producing Party by providing written notice to Counsel for all other Parties.

**Use or Disclosure of Confidential Information**

10. *Use of Confidential Information – In General.* Information or documents designated as Confidential under this Order shall not be used or disclosed by the Parties or Counsel or any persons identified in paragraph 11 below for any purposes whatsoever other than preparing for and conducting the litigation in which the information or documents were disclosed (including appeals); provided, however, that nothing in this Order shall preclude a Party from using his, her, or its own Confidential Information for any purpose that he, she, or it deems appropriate.

11. *Persons to Whom Confidential Information May Be Disclosed.* The Parties and Counsel receiving Confidential Information shall not disclose or permit the disclosure of any documents or information designated as Confidential under this Order to any other person or entity, except that disclosure may be made to the following third parties, who shall be given copies of this Order and shall be required to comply with its terms:

    a. The United States District Court, the United States Court of Appeals, and the United States Supreme Court having jurisdiction over this matter and to those Courts' staff.

   b. Counsel for the Parties who have direct functional responsibility relating to the prosecution or defense of this action and their employees, staff, and independent contractors assisting them.

   c. A Party or to employees of a Party who are, in good faith, required to provide assistance in the conduct of this litigation.

   d. Independent Experts and Independent Consultants and their employees and staff assisting them.

   e. Court reporters engaged for depositions and those persons, if any, engaged for the limited purpose of making photocopies of documents.

   f. Any mediator(s), arbitrator(s), or special master(s) attempting to assist in resolving or adjudicating all or any portion of this matter.

 12. *Counsel's Protection of Confidential Information.*  Except as otherwise provided in paragraph 11 above, Counsel shall keep all documents designated as Confidential that are received under this Order within their exclusive possession and shall take reasonable efforts to place such documents in a safe area.

 13. *Information Filed With the Court.*  When matters submitted or presented to the Court in connection with any pretrial matter contain Confidential Information, marked "Confidential," that portion of the confidential submission shall be placed under seal to the extent permissible by law pursuant to Federal Rule of Civil Procedure Rule 26 and shall not be made available to anyone other than as provided above, subject to a further Order of this Court or agreement of the parties.

14.  *Copies*.  All copies, duplicates, extracts, or summaries (hereinafter referred to collectively as "copies") of documents containing Confidential Information shall be treated as Confidential Information subject to the provisions of this Order.

15.  *Party Seeking Greater Protection Must Obtain Further Order*.  No information may be withheld from discovery on the ground that the material to be disclosed requires protection greater than that afforded by this Order unless the Party claiming a need for greater protection moves for an order providing such special protection pursuant to Federal Rule of Civil Procedure Rule 26(c).

16.  *Return of Confidential Material at Conclusion of Litigation*.  At the conclusion of the litigation, all material designated as Confidential under this Order and not received in evidence shall be returned to the producing Party.  If the Parties so stipulate, the material may be destroyed instead of being returned.

17.  *Continuing Obligation*.  Neither the termination of this action nor the termination of the employment, engagement, or agency of any person who had access to any Confidential Information shall relieve such person from the obligation of maintaining both the confidentiality and the restrictions on the use of the Confidential Information disclosed pursuant to this Order.  The Court shall retain jurisdiction to enforce the terms of this Order.

18.  *Third Parties*.  Any third party responding to a subpoena in this action may designate materials as Confidential under this order and receive all the protections provided therein.

19. *Inadvertent Disclosure of Privileged Information.* In producing documents or electronically stored information, counsel for the Parties will make reasonable efforts to exclude materials that are protected from discovery by the attorney-client privilege or other privileges and doctrines. At the time of production or within a reasonable time thereafter (taking into account the volume of materials produced) the producing Party will provide to the other Parties a privilege log. If the producing Party inadvertently produces documents which are within a reasonable time later determined to be subject to a claim of privilege, the receiving party, when so notified, shall return any original and all copies of such documents. The producing Party shall promptly provide a supplemental privilege log that includes the returned materials, and upon request of the other party shall agree to conduct a meet and confer regarding claim of privilege. In the event that they cannot resolve the issue, the Party seeking the production of the document may move the Court to compel the production of the materials claimed by the producing Party to be privileged.

20. *Stipulation.* This Protective Order shall serve as a stipulation and binding agreement between the Parties and shall be effective as such immediately upon execution by counsel for the Parties before and after entry by the Court as an Order.

**So Ordered:**

_____
UNITED STATES DISTRICT COURT
JUDGE

*Order prepared by:*

        s/ Molly Eastman
Ian Morrison (IL 6231153)
Molly Eastman (IL 6282796)
Attorneys for Defendant
Seyfarth Shaw LLP
131 South Dearborn Street, Suite 2400
Chicago, Illinois 60603
Telephone: (312) 460-5000
Fax: (312) 460-7000
E-mail: imorrison@sefyarth.com
       meastman@seyfarth.com

*Order reviewed and approved by:*

        s/ Ronald Boyer
Ronald E. Boyer (IL 268194)
Attorney for Plaintiff
Ronald E. Boyer, P.C.
600 East Walnut Street
Post Office Box 116
Watseka, Illinois 60970
Telephone: (815) 432-6101
Fax: (815) 432-4773
Email: ron@lawyerboyer.com